# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MANUEL GARCIA,

Plaintiff,

v.

CAROLYN COLVIN,
Acting Commissioner of Social Security,

Defendants.

_______________________________________/

Case No. 1:11-cv-01965-SKO

**ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF ATTORNEY'S FEES**

**ORDER AWARDING COSTS PURSUANT TO 28 U.S.C. § 1920**

(Doc. 22)

## I. INTRODUCTION

On September 28, 2011, Plaintiff Manuel Garcia ("Plaintiff") filed a complaint seeking judicial review of an Administrative Law Judge's ("ALJ") decision denying Plaintiff's application for Social Security benefits. (Doc. 1.) On January 30, 2013, the Court issued an order reversing the ALJ's decision and the case was remanded to the agency. (Doc. 20.) On April 26, 2013, Plaintiff filed a petition for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. 22.) Defendant filed an opposition, and Plaintiff filed a reply brief. (Docs. 23, 24.)

Currently pending before the Court is Plaintiff's petition for an award of EAJA fees and a request for costs of service under 28 U.S.C. § 1920. For the reasons set forth below, the Court finds that the ALJ's underlying actions and the government's defense of those actions were not substantially justified, and Plaintiff's petition for an award of EAJA fees and costs is GRANTED.

## II. BACKGROUND[1]

The ALJ determined that Plaintiff "has a limited education and is able to communicate in English." (AR 20.) However, the ALJ's decision made no finding that Plaintiff was literate, and failed to provide any explanation of the finding that Plaintiff had a limited education and could communicate in English. The Court explained that whether Plaintiff was literate and had English communication abilities was fundamental to establishing a finding of "not disabled," as the ALJ had concluded. The Court determined that the ALJ's failure to make a finding as to literacy and to provide reasons for the finding made as to English communication abilities undercut the ALJ's "not disabled" determination, and warranted a remand for determination of those issues.

On April 26, 2013, Plaintiff filed a petition for attorney fees and expenses under the EAJA and an award of costs pursuant to 28 U.S.C. § 1920. On May 29, 2013, the Acting Commissioner of Social Security ("Defendant" or "Commissioner") filed an opposition brief asserting that the ALJ's decision and the government's subsequent litigation position in defending that decision were substantially justified, precluding an award of fees pursuant to the EAJA. The Commissioner also asserts that, even if the actions of the ALJ and the government's subsequent litigation position were not substantially justified, Plaintiff's request for fees is unreasonable and should be reduced. On June 3, 2013, Plaintiff filed a reply brief. (Doc. 24.)

## III. DISCUSSION

Any application for an award of EAJA fees and other expenses must be made within thirty days of final judgment in the action and must include "an itemized statement from any attorney representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). The party submitting the application is also required to allege that the position of the United States was not substantially justified. *Id.* Further, the party applying for an award of EAJA fees must have an individual net worth not greater than $2,000,000 at the time the civil action was filed. *Id.* § 2412(d)(2)(B).

[1] The facts of the case were set forth in detail in the Court's original January 30, 2013, order. (Doc. 20.)

**A. Legal Standard – Substantial Justification**

To be "substantially justified," the position taken must have a reasonable basis in law and fact. *Pierce v. Underwood*, 487 U.S. 552, 556-66 (1988); *United States v. Marolf*, 277 F.3d 1156, 1160 (9th Cir. 2002). Substantial justification is interpreted as being "justified to a degree that could satisfy a reasonable person" and "more than merely undeserving of sanctions for frivolousness." *Underwood*, 487 U.S. at 565; *see also Marolf*, 277 F.3d at 1161. The fact that a court reverses and remands a case for further proceedings "does not raise a presumption that [the government's] position was not substantially justified." *Kali v. Bowen*, 854 F.2d 329, 335 (9th Cir. 1988).

In considering whether the government's position is "substantially justified," courts consider not only the position of the United States taken in a civil action, but also the action or failure to act by the agency upon which the civil action is based. *Meier v. Colvin*, __ F.3d __, slip. op., 2013 WL 3802382 (9th Cir. July 23, 2013); 28 U.S.C § 2412(d)(2)(D). Thus, courts "must focus on two questions: first, whether the government was substantially justified in taking its original action; and, second, whether the government was substantially justified in defending the validity of the action in court." *Kali*, 854 F.2d at 33. "[I]t will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (internal citations omitted). In the social security context, it is the ALJ's decision that represents the "action or failure to act by the agency upon which the civil action is based." *Meier*, 2013 WL 3802382, at *2 (omitting citations).

**B. The ALJ's Action was Not Substantially Justified**

Although the Commissioner asserts that the Court did not find that the ALJ's decision lacked the support of substantial evidence, the Court expressly found a lack of substantial evidence to support the ALJ's decision. (Doc. 20, 12:10-12.) Specifically, the ALJ failed to make any finding as to Plaintiff's literacy, which was essential to support the ALJ's non-disability determination. *Silveira v. Apefl*, 204 F.3d 1257, 1262 (9th Cir. 2000) (claimants meet the Rule 201.17 criterion if they are illiterate or unable to communicate in English or both). Further, even

assuming the ALJ had made a finding that Plaintiff was literate, substantial evidence did not support that determination. The Court noted that the ALJ did not discuss any findings with regard to literacy. A vocational report stated that Plaintiff could not read or write in English. (Doc. 20, 8:27-9:1 (citing AR 237).) Further, although there was an Adult Function Report ostensibly written by Plaintiff in English, it was not signed and does not indicate whether it was Plaintiff, or someone else, who completed the report. (Doc. 20, 3:2-4.) Additionally, although the Adult Function Report indicates that Plaintiff could read and write more than his name in English, there is no indication as to what additional writing or reading skills Plaintiff possessed. (Doc. 20, 3:2-4.) None of this constitutes substantial evidence that Plaintiff is literate, i.e., has the ability to read and write in English. 20 C.F.R. §§ 404.1564(b)(1), 416.964(b)(1); *Chavez v. Dep't of Health & Humans Servs*., 103 F.3d 849, 852 (9th Cir. 1996). Finally, the Commissioner noted in her brief on the merits that Plaintiff had become a United States citizen and presumably passed a naturalization test in English, which establishes his literacy. (Doc. 17, 6:5-6.) This supposition, however, is not substantial evidence because there is no indication when Plaintiff took the naturalization test, and there are several exemptions for individuals over the age of 50 as to the English language requirement. *See* 8 C.F.R. 312.1(b). The unadorned fact that Plaintiff became a U.S. citizen, without additional information, is not substantial evidence to support a finding that Plaintiff is literate in English.

The Court also noted in its underlying order that the ALJ failed to discuss the conflicting evidence regarding Plaintiff's ability to communicate in English. For example, June 2008 hospital admission forms stated that Plaintiff spoke both English and Spanish, yet Dr. Purewal reported in March 2009 that Plaintiff spoke little English upon hospital admission for an aortic valve replacement. (Doc. 20, 2:4-12; *see also* AR 271-328, 332-33.) Additionally, a December 2009 Medical/Vocational analysis prepared by the Commissioner indicates that Plaintiff cannot communicate in English (AR 237), and Plaintiff testified at the hearing, through an interpreter, that he understands some English, but he had always had problems or issues with English at his jobs (AR 29, 34, 37, 47). On the other hand, as the Commissioner notes, Plaintiff had taken English classes and he worked in the United States for almost 20 years. The ALJ had a duty to

resolve conflicts and ambiguities in the evidence, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), and a duty to discuss all significant and probative evidence, *Vincent on behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam). Nevertheless, the ALJ failed to discuss the evidence, resolve the conflicts, or set forth the basis for the finding that Plaintiff had the ability to communicate in English. Due to the lack of an express finding with respect to literacy or substantial evidence to support that finding and the ALJ's failure to discuss or weigh the evidence regarding Plaintiff's ability to communicate in English, the Court concluded that the ALJ's decision lacked the support of substantial evidence. (Doc. 20, 12:10-12.)

Where the ALJ's decision is not supported by substantial evidence, this is a strong indication that the agency lacked substantial justification for purposes of awarding EAJA fees. *Meier*, 2013 WL 3802382, at * 3. "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record." *Thangaraja*, 428 F.3d at 874 (internal quotation marks and citation omitted). The lack of substantial evidence to support a literacy finding, an issue in this case, is the type of error that is difficult to justify. Where an ALJ's decision lacks proper evidentiary support, courts routinely award EAJA fees. *See Russell v. Sullivan*, 930 F.2d 1443, 1445 (9th Cir. 1991) (collecting cases from other circuits), *abrogated on other grounds by Sorenson v. Mink*, 239 F.3d 1140 (9th Cir. 2001). For this reason, and the reasons stated in the underlying decision on the merits, the Court finds that the ALJ's underlying action was not substantially justified in this case. *Meier*, 2013 WL 3802382, at *3.

As the ALJ's underlying position was not substantially justified, the Court need not address whether the government's subsequent litigation position was substantially justified. *Id.* Even considering the Commissioner's subsequent litigation position, however, the Court finds it was not substantially justified. The Commissioner asserts that the record is "rife" with evidence that Plaintiff had a limited education and the ability to communicate in English and thus the Commissioner's litigation position was substantially justified. As noted above, however, there were conflicts in the evidence – particularly as it related to Plaintiff's ability to communicate in English – that required resolution by the ALJ. Moreover, even if all of the evidence with respect

to Plaintiff's ability to communicate in English and his educational level had been properly considered by the ALJ, the lack of an express finding with regard to literacy and the absence of substantial evidence to support such a finding had it been made, rendered the non-disability determination legally insufficient.[2] The government's decision to defend serious errors such as the failure to make specific findings and weigh the evidence is difficult to justify. *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008); *see also Lewis v. Barnhart*, 281 F.3d 1081, 1085 (9th Cir. 2002) (substantial justification will not be found where the government defends "on appeal . . . 'basic and fundamental' procedural mistakes made by the ALJ" (quoting *Corbin v. Apfel*, 149 F.3d 1051, 1053 (9th Cir. 1998))). For these reasons, the Court finds that the Commissioner was not substantially justified, and Plaintiff is entitled to an award of EAJA fees.

**C. The Reasonableness of the Requested Fees**

In his petition, Plaintiff seeks an award of $3,907.36 in fees pursuant to the EAJA and $60 in costs pursuant to 28 U.S.C. § 1920. (Doc. 22-1, p. 1-2.) The Commissioner asserts that the requested fees are unreasonable. (Doc. 23, 5:20-10:8.) Plaintiff filed a reply brief in response to the Commissioner's opposition and asserted that the fees requested were reasonable, and set forth a supplemental EAJA request for 3.0 hours of time spent preparing the reply brief. (Doc. 24.)

The Court must determine what amount constitutes a reasonable award of attorney's fees. *See* 28 U.S.C. § 2412(d)(2)(A); *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (district court has an independent duty to review plaintiff's fee request to determine its reasonableness). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Blum v. Stenson*, 465 U.S. 886, 897 (1984). "The [Court] must determine not just the actual hours expended by counsel, but which of those hours were reasonably expended in the litigation." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983). "'Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority.'" *Hensley*, 461 U.S. at 434 (quoting *Copeland v. Marshall*,

[2] *See Silveira*, 204 F.3d at 1261-62 & n. 13 ("[A claimant] is 'illiterate or unable to communicate in English' if he is either illiterate in English or unable to communicate in English or both." (citing *Chavez*, 103 F.3d at 852)).

641 F.2d 880, 891 (D.C. Cir. 1980) (en banc)). The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum*, 465 U.S. at 897.

**1. Time Expended by Plaintiff's Counsel**

**a. Work Performed Prior to the Filing of the Complaint**

The Commissioner asserts that work Plaintiff's counsel performed prior to the commencement of the civil action is not compensable under the EAJA. (Doc. 23, 7:10-22.) Specifically, the Commissioner contends that the time Plaintiff's counsel spent reviewing the ALJ's decision and the Appeals Council's denial letter, as well as the time spent preparing a letter to Plaintiff, preparing a fee waiver, and reviewing the complaint for filing are not compensable because the work was performed before the complaint was actually filed. (Doc. 23, 7:10-22 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 97 (1991) and *Mendenhall v. NTSB*, 213 F.3d 464, 469 (9th Cir. 2000)).)

This argument is not persuasive for two reasons. First, neither the statute nor the cases cited by the Commissioner stand for the proposition that the EAJA disallows compensation for work performed in preparation of a civil action. In *Mendenhall*, the Ninth Circuit held that work performed in administrative proceedings prior to filing a civil action could not be compensated pursuant to EAJA, but did not hold that work performed in preparation for filing a civil action was non-compensable under EAJA. *Id*. at 468 ("In addition to the plain text of the EAJA provisions and the explicit holdings of the Supreme Court, EAJA's substance itself counsels against relying on § 2412 as implicit authorization for this court to award attorneys' fees incurred in administrative proceedings prior to the filing of a civil suit.") The same is true of the Supreme Court's decision in *Melkonyan*. In *Melkonyan*, the Court noted that work performed in administrative proceedings is generally not compensable under EAJA, with a limited exception for those administrative proceedings conducted while a civil complaint remains pending "and depends for its resolution upon the outcome of the administrative proceedings." 501 U.S. at 97 (internal quotation marks and citation omitted). Neither of these cases holds that work performed in preparation for a civil action after the administrative proceedings have concluded is non-compensable under EAJA.

Second, beyond that the holdings of these cases are distinguishable, application of the Commissioner's argument would exclude from EAJA compensation time spent drafting the complaint because this work would necessarily be performed before the suit was initiated. As a practical matter, some work must be performed to initiate the civil suit, a part of which includes reviewing the facts and the law to ensure the lawsuit is not frivolous as well as drafting and filing the necessary documents to commence the action. Such work is wholly separate from the underlying administrative proceedings and is clearly related to the civil action; the Commissioner cites no case authority to support a determination that such work is not compensable.

In sum, the time expended by Plaintiff's counsel in preparation of filing the federal suit is compensable. *See McClintock v. Astrue*, No. 09–cv–1647–IEG–JMA, 2011 WL 1043718, at *1–*2 (S.D. Cal. Mar.22, 2011) ("work performed in preparation for the filing of a civil action[ ] is proper and reasonable").

**b. Time Expended on Briefing**

The Commissioner argues that the issue raised in this case was not novel, and Plaintiff's counsel, who is an experienced Social Security practitioner, has litigated this issue numerous times and included a significant amount of boilerplate in the briefs. Additionally, the Commissioner notes that the briefs filed by Plaintiff were "sparse" and not commensurate with the 13.8 hours billed between April 12, 2012, and August 24, 2012, only a small amount of the administrative transcript was implicated by the issue raised, and it is unclear how much duplication existed between Plaintiff's opening brief and the confidential brief. As a result, the Commissioner contends that only 4.0 hours is reasonable for Plaintiff's counsel's review of the administrative record, drafting the confidential and opening briefs, reviewing the Commissioner's opposition brief, and drafting a reply brief given the simplicity of the issue and the length of the briefs.

In *Moreno v. City of Sacramento*, the Ninth Circuit held that where district courts award attorneys' fees for a significantly lower number of hours than the prevailing party requests, the court must provide an adequate explanation. 534 F.3d 1106, 1112-13 (9th Cir. 2008). The circuit court noted that "lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees" as [t]he payoff is too uncertain." *Id.* at 1112. For that reason, courts

are generally to defer to the "winning lawyer's professional judgment as to how much time he was required to spend on a case." *Id.* In *Costa v. Commissioner of Social Security Administration*, the district court reduced by half the number of hours requested by the prevailing party for preparation of the opening brief on the grounds that the issues in the case were not novel or complex and the brief was not very long. 690 F.3d 1132, 1134 (9th Cir. 2012). The Ninth Circuit found this was not a sufficiently specific basis under *Moreno* to reduce the requested fees given the magnitude of the reduction. *Id.* at 1136-37.

Here, the Commissioner seeks a reduction of nearly 70 percent of the hours of work performed by Plaintiff's counsel in reviewing the record, drafting the briefs, and reviewing the Commissioner's opposition brief. While the ultimate issue identified may be simple, there is no basis to conclude that 13.8 hours was unreasonable to review the administrative record for error and draft three separate briefs.[3] Accordingly, the Court finds the time spent reviewing the administrative record, drafting a confidential letter brief, drafting an opening brief – even in light of overlap with the confidential letter brief, reviewing the Commissioner's opposition brief, and drafting a reply brief were reasonable given the work performed and the issue involved. As such, no reduction of time is warranted.

**c. Post-Judgment Work**

The Commissioner asserts that, of the 3.1 hours of attorney time spent for post-judgment work, only 1.0 hour was actually spent on drafting the EAJA petition, and the rest of the time was spent on non-compensable clerical tasks. The Commissioner contends that Plaintiff's request should be reduced to the 1.0 hour of time spent preparing the EAJA petition.

Plaintiff responds that his counsel prepared correspondence to Plaintiff regarding the judgment of the Court as well as to the Appeals Council to effectuate the judgment, and correspondence to the referring attorney who will represent Plaintiff at the administrative level following remand of the case. Plaintiff's counsel also sent emails to his paralegal giving instructions regarding issues tied to the litigation.

---

[3] The Court's own time to review the parties' briefs, review the record, and issue an order exceeded 13.8 hours, despite the simplicity of the issue and the small amount of relevant materials in the administrative record.

The preparation of the correspondence to Plaintiff, the Appeals Council, and the referring attorney was not clerical work. The same is true of the correspondence between Plaintiff's counsel and opposing counsel to meet and confer regarding the EAJA petition. (*See* Doc. 22-1, p. 2.) This work is compensable under the EAJA, and the time spent is reasonable.

**d. Fees For Work on the EAJA Reply Brief**

Plaintiff seeks fees for three hours of time expended reviewing the Commissioner's opposition to Plaintiff's EAJA petition and for preparation of a reply brief. (Doc. 24, 11:3-16; 12:18-20; Doc. 24, 13:6-8, ¶ 2, Rohlfing Decl.) In her opposition, the Commissioner notes that any time spent preparing a reply brief must be reasonable; the Commissioner argues that awarding fees for a lengthy and unreasonable EAJA reply brief would simply reward Plaintiff's counsel for increasing the total hours and fees in this case. (Doc. 23, 10:2-8.) The Commissioner did not request to file a sur-reply after Plaintiff submitted a supplemental EAJA fee request along with his reply brief.

Three hours of time spent reviewing the Commissioner's brief opposing Plaintiff's EAJA petition and drafting the reply brief is reasonable. As Plaintiff's counsel notes in his declaration, he has engaged in litigation in the past which saved time preparing his reply brief; had he been a less-experienced practitioner, he would have required more time to complete the brief. (Doc. 24, 13:9-11, ¶ 3.) The Commissioner presented several issues in opposing Plaintiff's fee request, including not only substantial justification, but also issues related to the reasonableness of the fees requested, to which Plaintiff responded. The Court finds no reason to reduce the time expended by Plaintiff's counsel in reviewing the Commissioner's opposition and drafting a reply brief.

**2. Time Expended by the Paralegal**

The Commissioner contends that Plaintiff's counsel's paralegal spent time engaged in clerical tasks that are not compensable under the EAJA. (Doc. 23, 8:26-9:21.) Specifically, the Commissioner argues that the 3.9 hours the paralegal billed for form document preparation, such as service of process or consent forms, recording receipt of documents, downloading documents, calendaring, preparing an itemized billing sheet, and document emailing and e-filing constitutes clerical or secretarial work and should not be awarded as these activities should be considered

overhead costs.[4]

Plaintiff argues that work performed by a paralegal is compensable under the EAJA, and the specific activities billed by the paralegal in this matter are not clerical work. Specifically, Plaintiff asserts that the paralegal's work in filing the form consenting to the jurisdiction of the Magistrate Judge was not a clerical function. Plaintiff also contends that downloading and e-filing documents are not clerical functions, but tasks that have been delegated by the attorney who is assigned the e-filing account, i.e., Plaintiff's counsel.

"[P]urely clerical work or secretarial tasks should not be billed at a paralegal or lawyer's rate, regardless of who performs them." *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989). For example, the time spent to e-file documents is routinely found to be clerical work that is non-compensable under the EAJA. *Jones v. Metropolitan Life Ins. Co.*, 845 F. Supp. 2d 1016, 1027 (N.D. Cal. Feb 24, 2012) (disallowing as clerical work time billed for filing or retrieving electronic documents); *United States v. One 2008 Toyota Rav 4 Sports Utility Vehicle*, No. 2:09-cv-05672-SVW-PJW, 2012 WL 5272281, at *12 (C.D. Cal. Oct. 18, 2012) (disallowing as clerical work time spent e-filing documents with the court).

The Court finds that the following tasks are either clerical in nature or the billing description is insufficient to determine whether they are clerical tasks or otherwise reasonable:

///

///

///

///

///

///

///

///

---

[4] The Commissioner indicates that while Plaintiff seeks an award for 3.9 hours of work expended by a paralegal, 4.1 hours are actually set forth in the billing records. (See Doc. 23, 9:21 n. 4.) However, the Court's review of Plaintiff's billing records shows 3.9 hours of time expended; to the extent Plaintiff's billing records show more time expended, only 3.9 hours is requested.

| **Date** | **Time Spent** | **Description** |
|---|---|---|
| Nov. 16, 2011 | 0.1 | Receipt of forms and letter from client |
| Nov. 21, 2011 | 1.0 | Preparation of complaint and related papers |
| Nov. 22, 2011 | 0.2 | Preparation of email of summons, complaint and related documents to the civil intake clerk |
| Nov. 29, 2011 | 0.1 | Receipt and review of order re leave to file |
| Nov. 29, 2011 | 0.2 | Receipt and review of scheduling order and calendaring of same |
| Nov. 29, 2011 | 0.2 | Downloading and attaching of summons and related documents |
| Dec. 13, 2011 | 0.2 | Preparation and filing of proof of service of summons and complaint |
| Dec. 13, 2011 | 0.3 | Preparation and filing of magistrate consent form |
| Dec. 20, 2011 | 0.1 | Downloading and attaching of magistrate consent form from the Commissioner |
| Mar. 22, 2012 | 0.1 | Downloading and attaching of notice of filing administrative record |
| Mar. 22, 2012 | 0.2 | Receipt of transcript; preparation of memorandum to LDR regarding same |
| June 25, 2012 | 0.1 | Filing of stipulation to extend time and proposed order |
| June 26, 2012 | 0.1 | Downloading and attaching of minute order |
| June 26, 2012 | 0.1 | Preparation of email to chambers with word documents |
| June 26, 2012 | 0.1 | Downloading and attaching order approving stipulation to extend time |
| July 13, 2012 | 0.1 | Filing of opening brief |
| Aug. 10, 2012 | 0.1 | Downloading and attaching opposition |
| Aug. 24, 2012 | 0.1 | Filing of reply brief |
| Apr. 8, 2013 | 0.5 | Preparation of letter to regional counsel |
| **Total** | **3.9** | |

Downloading and submitting documents to the Court is a clerical task. Similarly, filing documents is a clerical task, regardless of whether counsel has delegated the authority to his paralegal to access his CM/ECF account and electronically sign and submit documents. Ostensibly, counsel has already undertaken the substantive review of those documents and has

directed that they be signed and filed. Completing the form to consent to Magistrate Judge Jurisdiction is clerical where counsel has conferred with his client and directed how the form is to be completed, even to the extent the completion of that form has been delegated to a paralegal. Thus, the entirety of the time requested for work of a paralegal (3.9 hours) shall be deducted.

**3. Hourly Rate Requested**

Plaintiff requests $184.32 per hour for work performed by his counsel, which is the applicable statutory maximum hourly rate under EAJA for attorney work performed in 2012, adjusted for increases in the cost of living, as published by the Ninth Circuit on its website pursuant to 28 U.S.C. § 2412(d)(2)(A), *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6. The Commissioner does not oppose the hourly rate requested, and the Court finds that it is reasonable.

**4. Conclusion**

For the reasons set forth above, the Court finds that a reduction of 3.9 hours of work performed by a paralegal is warranted. The remainder of Plaintiff's fee request is reasonable and shall be awarded, including an additional three hours of time Plaintiff's counsel expended preparing an EAJA reply brief. Accordingly, Plaintiff's petition for EAJA fees is granted as follows:

| Professional | Time Expended | Rate | Total |
| --- | --- | --- | --- |
| Lawrence D. Rohlfing | 21.3 (18.3 + 3.0) | $184.32 | $3,926.02 |

**D. The Proper Payee Under the EAJA**

The Commissioner contends that any award under the EAJA must be made payable to Plaintiff, rather than Plaintiff's counsel. Plaintiff contends that, if he does not owe a government debt and has validly contracted his rights to payment, the contractual assignment should be honored.[5] (Doc. 24, 12:4-6.)

[5] Plaintiff's brief states that "Ms. Martin validly assigned her rights and it does not appear that she has any outstanding government debts, thus the EAJA fees should be assigned to counsel." (Doc. 24, 12:6-8.) The brief does not accurately reflect the correct name of the Plaintiff in this case, and the quoted language appears to relate to another

The U.S. Supreme Court has held that a Section 2412(d) fee award is payable to the litigant. *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521, 2522 (2010). In *Ratliff*, the plaintiff's counsel successfully obtained Social Security benefits for the plaintiff in a civil action against the United States. *Id.* The district court granted the plaintiff's unopposed motion for EAJA fees, but before paying the fee award, the government discovered that the plaintiff owed the United States a debt that predated the award. The government sought an offset of the amount the plaintiff owed, and the plaintiff's counsel intervened, asserting that the fees awarded belonged to the plaintiff's counsel, not the plaintiff, and the fee award was thus not subject to an offset for the plaintiff's federal debts. The Supreme Court rejected this argument reasoning that "Congress knows how to make fee awards payable directly to attorneys where it desires to do so," and because the fee was payable to a "prevailing party," Congress intended the fee to go to the litigant, not the litigant's attorney. *Id.* at 2527-29.

Pursuant to *Ratliff*, the plaintiff is normally awarded the fees, subject to any offset for applicable government debts. The Supreme Court noted, however, that although the government had a history of paying EAJA awards directly to attorneys in certain cases, it had discontinued that practice making direct payment to attorneys "only in cases where 'the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney.'" *Id.* at 2529.

Following *Ratliff*, courts in this circuit have ordered payment of EAJA fees directly to the plaintiff's counsel pursuant to the plaintiff's assignment of EAJA fees in a fee agreement, provided that the plaintiff has no debt that requires offset. *See, e.g., Blackwell v. Astrue*, No. CIV 08-1454 EFB, 2011 WL 1077765, at *5 (E.D. Cal. Mar. 21, 2011); *Dorrell v. Astrue*, No. CIV 09-0112 EFB, 2011 WL 976484, at *2-3 (E.D. Cal. Mar. 17, 2011); *Calderon v. Astrue*, No. 1:08-cv-01015 GSA, 2010 WL 4295583, at *8 (E.D. Cal. Oct. 22, 2010); *Castaneda v. Astrue*, No. EDCV 09-1850-OP, 2010 WL 2850778, at *3 (C.D. Cal. July 20, 2010).

Other courts have refused to award EAJA fees directly payable to the plaintiff's counsel, noting, however, that the government could, after subtracting any offset, waive the requirements

---

case. The Court notes, however, that Plaintiff's fee agreement with counsel does contain an assignment clause. (*See* Doc. 22-3 ("Client shall endorse such documents as are needed to pay Attorney any amounts under the EAJA and assigns such fee awards to Attorney.").)

of the Assignment of Claims Act ("Act") and make payment directly to the plaintiff's counsel. *See Matthews v. Astrue*, No. CIV 11-290-TUC-LAB, 2013 WL 500955, at * 1 (D. Ariz. Feb. 11, 2013); *see also Smith v. Astrue*, No. C-10-4814 PJH, 2012 WL 3114595, at * 6 (N.D. Cal. July 31, 2012) ("Based on *Ratliff* and the Supreme Court's interpretation of EAJA, Smith is considered the prevailing party in the action before this court. Accordingly, Smith is entitled to direct payment of the EAJA award and not Sackett.")

In *United States v. $186,416.00 in U.S. Currency*, __ F.3d __, No. 07-56549, slip. op., 2013 WL 3722076, at *2-3 (9th Cir. July 17, 2013), the court held that the fee award pursuant to 28 U.S.C. § 2465(b)(1)(A) was properly paid to the attorney, rather than to the client, who prevailed in the underlying civil forfeiture proceeding where there was a proper assignment from the client to the attorney of the fee award. However, the government had neither raised the issue of the Anti-Assignment Act, nor asserted an offset claim. *Id.* at * 3 & n. 1 ("The government has waived any argument that the UMCC's assignment of the award to Gabbert was invalid under the Anti-Assignment Act, 31 U.S.C. § 3727. The government only mentions the Act in its reply brief and even then does not explain its application to this case [citations omitted].")

Here, while Plaintiff has assigned the right to receive the EAJA fees to his attorney, the Commissioner has asserted she has not waived the requirements of the Anti-Assignment Act and contends there is no current information whether Plaintiff owes a federal debt. Under these circumstances, the Court concludes that the EAJA fee award shall be made payable to Plaintiff. However, if Plaintiff does not owe a government debt, this order shall not be construed to preclude payment directly to Plaintiff's counsel pursuant to Plaintiff's assignment -- should the government waive the requirements of the Act.

**IV. CONCLUSION AND ORDER**

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for attorney's fees and expenses under the EAJA is GRANTED in the amount of $3,926.02;

2. The fee award shall be made payable to Plaintiff, and mailed to Plaintiff's counsel's office at 12631 East Imperial Highway, Suite C-115, Santa Fe Springs,

California, 90607;[6]

3. If the government determines that Plaintiff does not owe a federal debt and waives the requirements of the Anti-Assignment Act, the fee award shall be made payable to Plaintiff's counsel pursuant to Plaintiff's assignment of his interest in the fee award; and

4. Plaintiff is awarded costs pursuant to 28 U.S.C. § 1920 in the amount of $60.

IT IS SO ORDERED.

Dated: **September 23, 2013**

**/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

[6] *See Shreves v. Colvin*, No. CV-11-8076-PCT (BSB), 2013 WL 4010993, at *5 (D. Ariz. Aug. 6, 2013) ("However, the Court will direct the government to mail the attorney's fee award, made payable to Plaintiff, to the office of Plaintiff's attorney.")